# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| KY-ANNA J KING, § | |
| § | |
| *Plaintiff,* § | Civil Action No. 4:24-cv-00109 |
| v. § | Judge Mazzant/Judge Davis |
| § | |
| GUILD MORTGAGE CO. LLC, *et al.*, § | |
| § | |
| *Defendants.* § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On December 4, 2024, the Magistrate Judge entered a Report and Recommendation (Dkt. #34) that Defendant Guild Mortgage Co. LLC's and Defendant Mortgage Electronic Registration System, Inc.'s Motions to Dismiss (Dkts. ##16, 22) be granted in part and denied in part.

Having received the report of the United States Magistrate Judge, and no timely objections being filed, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct but that subsequent developments in the case warrant modification of one part of the Magistrate Judge's report.

The Magistrate Judge's Report (Dkt. #34) recommended that Plaintiff King's breach-of-contract claim be dismissed without prejudice because "it is at least possible that King could redraw her complaint to allege the essential elements of that claim." (Dkt. #34 at 9). King then filed a Motion for Leave to Amend (Dkt. #36) and a Proposed Second Amended Complaint (Dkt. #37).

Granting leave to amend the complaint is not required if the plaintiff has already pleaded her best case. *Wiggins v. La. State Univ.-Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017). A plaintiff has pleaded her best case when she has been apprised of the insufficiency of the complaint and has not identified material facts she would include in an amendment to overcome the deficiencies. *Id.*

King was apprised of the insufficiency of her complaint by the Magistrate Judge's Report and Recommendation (Dkt. #34), which pointed out that the complaint neither identified any contractual provision that Guild allegedly breached nor alleged King's own performance under the contract. (Dkt. #34 at 9). The Proposed Second Amended Complaint (Dkt. #37) still fails to identify any provision of any contract that was breached. It also fails to allege that King has performed her obligations under the contract, which is necessary to state a claim for breach. *Pathfinder Oil & Gas, Inc. v. Great W. Drilling, Ltd.*, 574 S.W.3d 882, 890 (Tex. 2019). Because King has already pleaded her best case after the Magistrate Judge identified deficiencies, and because the proposed amendment fails to state a breach-of-contract claim, that claim should also be dismissed with prejudice. *See Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (affirming dismissal with prejudice after the plaintiff had multiple opportunities to amend the complaint and still failed to state a claim).

For the foregoing reasons, the Magistrate Judge's report (Dkt. #34) is **ADOPTED AS MODIFIED**.

It is therefore **ORDERED** that Defendant Guild Mortgage Co. LLC's and Defendant Mortgage Electronic Registration System, Inc.'s Motions to Dismiss (Dkts. #16, 22) are hereby **GRANTED**.

It is **FURTHER ORDERED** that Plaintiff King's claims against Defendants Guild Mortgage Co. LLC and Mortgage Electronic Registration System, Inc., are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

SIGNED this 11th day of March, 2025.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE